**IN THE UNITED STATES DEFENDANT COURT
FOR THE DEFENDANT OF COLORADO**

Civil Action No.

AMY SERSANTE, an individual,

    Plaintiff.

    v.

IDEAL IMAGE GROUP OF COLORADO, PLLC, a Colorado limited liability company,

    Defendant.

_____

**COMPLAINT AND REQUEST FOR JURY TRIAL**
_____

    Amy Sersante, the Plaintiff, by and through her attorneys, Steven L. Murray of Murray Law, LLC, and Thomas H. Mitchiner of Mitchiner Law, LLC, submits her Complaint and Request for Jury Trial against Defendant Ideal Image Group of Colorado, PLLC.

    This is an employment discrimination and retaliation case. Defendant intentionally and willfully discriminated and retaliated against Ms. Sersante based on her sex/pregnancy, childbirth and related medical condition including the birth of a stillborn, and disability. Moreover, the Defendant retaliated against Ms. Sersante because she engaged in lawfully protected activity.

**I.  PARTIES**

    1.    Ms. Sersante, a female, is a United States citizen and resident of Littleton, Colorado.

2.      Defendant Ideal Image Group of Colorado, PLLC is registered with the Colorado Secretary of State as a limited liability company. Defendant's principal place of business is Tampa, Florida.

3.      Defendant conducts business in multiple locations in Colorado.

4.      Ms. Sersante worked at the Defendant's location in Englewood, Colorado.

5.      At all times in issue, Ms. Sersante and the Defendant resided and worked within the Judicial District of the Court.

## II.    JURISDICTION AND VENUE

6.      Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e, 2000e-5 and 2000e-5(f)(1)(3), *as amended,* the Civil Rights Act of 1991, 42 U.S.C. Section 1981a (a) (1) (2), (b) (1)-(4), (c) (1), (d) (1) (2) [Title VII].

7.      In addition, jurisdiction is asserted pursuant to the Americans with Disabilities Act [ADA], 42 U.S.C. Sections 12101, *et. seq.*, as amended by the Americans with Disabilities Amendments Act of 2008. [ADAAA], as amended.

8.      At all times material herein, pursuant to Title VII and the ADA, Ms. Sersante was an employee of the Defendant, an employer under Title VII and the ADA.

9.      Also, this Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343 (a) (3) (4), 1367(a).

10.     The claims in issue, including all alleged unlawful employment actions, arose in the Judicial District of this Court.

11.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) (c) (1) (2), 42 U.S.C. Section 2000e-5(f) (3), and 42 U.S.C. Section 12117.

### III.     ADMINISTRATIVE PROCEDURES

12.     Prior to filing this action, Ms. Sersante timely, properly, and lawfully exhausted all required administrative prerequisites procedures and remedies.

13.     Ms. Sersante filed timely charges of pregnancy, sex, and disability discrimination, and retaliation with the United States Equal Employment Opportunity Commission [EEOC], including an amended charge and an addendum to her charge. [EEOC Charge No. 32A-2019-00100].

14.     On September 18, 2019, the EEOC mailed a Notice of Right to Sue letter to Ms. Sersante.  This action is timely filed because it is filed within ninety days of Ms. Sersante's receipt of the Notice of Right to sue letter issued by the EEOC.

### IV.     NATURE OF THE CASE

15.     This action seeks legal and equitable relief for the Defendant's intentional and unlawful pregnancy, sex, and disability discrimination and retaliation against Ms. Sersante for participation in protected equal employment opportunity activities.

16.     This Complaint asserts violations of the Pregnancy Discrimination Act of 1978 [PDA], as amended by the Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 *et seq*., as amended, and  the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et. seq*., as amended.

### V.  GENERAL ALLEGATIONS

17.     Ms. Sersante is a Registered Nurse [RN]. She has been a licensed RN since 2011.

18.    Ms. Sersante served as a dedicated employee of Defendant from March 22, 2015, through August 13, 2018, the date of her discharge. During this period, Ms. Sersante worked on multiple schedules.

19.    On February 3, 2018, Ms. Sersante gave birth to a stillborn baby, named Ava.

20.    On the next day, February 4, 2018, Ms. Sersante informed Defendant that while she wanted to continue working with Defendant, she needed leave time for bereavement and grieving.

21.    Defendant granted Ms. Sersante eight weeks of unpaid leave, from February 5, 2018, to April 2, 2018.

22.    Shortly after the birth, Ms. Sersante's counselor/therapist diagnosed her as having the following medical condition: an adjustment disorder with PTSD an adverse childbirth related medical condition. The adjustment disorder was caused by, and/or related to the stillbirth.

23.    Ms. Sersante's medical doctor treated her for depression and anxiety.

24.    Ms. Sersante began attending grief therapy.

25.    Prior to returning to work, Ms. Sersante met with her grief counselor two days a week, on Tuesday and Thursday, from February 12, 2018, through March 16-17, 2018. She would meet with her grief counselor and participate in modules/exercises, as directed by her counselor.

26.     In late February 2018, Ms. Sersante discussed her return to work with Alexandra Alexander, Ms. Sersante's direct supervisor and the Center Manager of the facility where Ms. Sersante worked for Defendant.

27.     Ms. Alexander informed Ms. Sersante that the Defendant had "no problem" with her returning to work on a part-time basis.

28.     Ms. Sersante and Ms. Alexander agreed: (1) Ms. Sersante would work two to three days per week; and (2) Ms. Sersante would return to work early on March 13, 2018, instead of on April 2, 2018.

29.     In the first part of April of 2018, Ms. Sersante requested Ms. Alexander and the Defendant to provide her a workplace accommodation for her disability and childbirth-related conditions.

30.     Ms. Sersante's requested accommodation was reasonable, clear, and simple – that Defendant not schedule her for work on any Tuesday.

31.     Ms. Sersante's requested accommodation would have allowed her to attend grief therapy with the same therapist with whom she had been continuously working since February of 2018, and to continue participating in the therapist's recommended recovery modules/programs.

32.     Ms. Alexander informed Ms. Sersante that she could not provide her with any "special treatment."   Subsequently, Ms. Alexander and Defendant ignored and/or denied Ms. Sersante's accommodation requests.

33.    In April of 2018, following Ms. Alexander's and Defendant's refusal to grant Ms. Sersante's accommodation requests, Ms. Sersante raised the issue of her accommodation requests with Kelli Robinson, Defendant 's Regional Nurse Preceptor.

34.    Because of Ms. Sersante approaching Ms. Robinson, Ms. Robinson convened a meeting with Ms. Sersante and Ms. Alexander.

35.    In the meeting, Ms. Robinson explained to Ms. Alexander that denying Ms. Sersante her requested accommodation was ridiculous.

36.    In response, Ms. Alexander stated that providing the accommodation to Ms. Sersante would be "no problem."

37.    Despite the above statements by Ms. Robinson and Ms. Alexander, following Ms. Sersante's meeting with Ms. Robinson and Ms. Alexander, neither Defendant nor Ms. Alexander ever granted Ms. Sersante's requests to take leave every Tuesday.

38.    Because of Defendant's denial of Ms. Sersante's requested accommodation, she: (1) lost the services of her grief counselor because of her inability to schedule an appointment every Tuesday; and (2) could not continue with her grief and recovery program.

39.    On Friday, July 20, 2018, Ms. Sersante faced a severely overbooked schedule of patients. Moreover, on the same day, Ms. Sersante's child-birth related grief, sadness, and anxiety were momentarily, severely exacerbated because a former coworker and current patient of Defendant asked her: "how is your baby?"

40.     The above comment caused Ms. Sersante to suffer an adverse, immediate, and painful emotional condition. Upon hearing the comment, Ms. Sersante excused herself and walked into the nurses' station, away from patients. After entering the nurses' station, she began sobbing.

41.     Terri Williams, a female secretary, followed Ms. Sersante. Upon approaching Ms. Sersante, Ms. Williams treated Ms. Sersante in an unprofessional, mean-spirited manner, in the form of aggressive bullying.

When Ms. Williams observed Ms. Sersante sobbing. Ms. Sersante essentially told Ms. Williams, "this is about Ava, I just need a minute."

42.     Ms. Williams, rather than adopting a reasonable, compassionate approach by excusing herself and giving Ms. Sersante a moment to compose herself, initiated a hostile confrontation with Ms. Sersante knowing that Ms. Sersante was sobbing and very upset. Ms. Williams: (1) began yelling at Ms. Sersante;  (2) continued to yell at Ms. Sersante, stating: (a) just quit your job; (b) get it together because we have patients waiting; (c) you are miserable; and (d) you make other people miserable.

43.     Ms. Williams did not have any legitimate reason and/or legitimate business purpose, to attack Ms. Sersante with her mean-spirited, hurtful comments, which served no legitimate business purpose.

44.     On the evening of July 20, 2018, Ms. Sersante sent an email to Kelli Robinson, with copies to Ms. Alexander and Ms. Williams, and other employees of Defendant.

45.     In this July 20, 2018 email, Ms. Sersante effectively stated: (1) she did not feel supported by her team; (2) she cried that day at work; (3) her frustration with the overbooked work schedules for patients and treatments; and (4)  the fact that the nurses were being forced to rush from one task to another.

46.     On or about July 21, 2018, Ms. Sersante sent a text message to Ms. Williams. In the text, Ms. Sersante expressed her grief over the loss of her baby, and the reasons why Ms. Williams' comments were so hurtful and undeserved.

47.     The text included an image related to her stillborn child. Thereafter, Ms. Sersante sent Ms. Williams a second text message in which she apologized for the content of her prior text message to Ms. Williams.

48.     On July 21, 2018, Ms. Sersante learned that she was pregnant for the birth of her third child. On this date, she informed Marrisa Montano-White, an RN and co-worker, of this pregnancy.

49.     On or about July 23, 2019, and before her termination, Ms. Sersante informed Kelly Robinson that she was pregnant with her third child.

50.     On July 23, 2018, Ms. Sersante learned that Ms. Williams was disparaging her at work. At Ms. Sersante's workplace, Ms. Williams made statements to the effect that she would seek a temporary restraining order against Ms. Sersante, and she would get Ms. Sersante fired.

51.     Subsequently, on July 23, 2019, Krista Kutac, Defendant's Regional Manager, and Cathleen Johnson, Defendant 's Human Resource representative, called Ms. Sersante at her home. They informed Ms. Sersante that she should: (1) get the help

she needed, and (2) not come to work. Ms. Sersante, in the July 23 telephone conference with Ms. Kutac and Ms. Johnson, complained of the discrimination she had encountered concerning her pregnancy, post-pregnancy conditions, childbirth related medical conditions [the birth of her stillborn baby], the adjustment disorder with PTSD, her depression, anxiety and grief, and the related workplace harassment she faced.

52.     On July 24, 2018, Ms. Sersante sent an email to Ms. Johnson and Ms. Kutac. Ms. Sersante expressed her disappointment and complained about Defendant's failure to provide her a supportive workplace after the birth of her stillborn child on February 3, 2018, including Defendant's failure to provide the requested accommodation for Tuesdays, and the harassment and bullying tactics of Ms. Williams.

53.     Moreover, Ms. Sersante's July 24 email stated: "I am grieving the loss of my daughter and don't like the feeling of insecurity and being bullied in the workplace. . . I don't want to leave because of Terri [Williams] intimidating me."

54.     Between July 20, 2018 – August 13, 2018, Defendant did not: (1) ask Ms. Sersante for her version of the events in issue, or (2) provide her any opportunity to respond to any witness statements against her.

55.     Defendant discharged Ms. Sersante from employment on August 13, 2018.

56.     As a direct, foreseeable, and proximate result of the Defendant's unlawful, intentional discrimination and retaliation complained of herein, Ms. Sersante suffered injuries and losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and the potential and/or actual loss of wages,

earnings, income, benefits, diminution of earning capacity, actual and/or potential retirement benefits, loss of employment, and future pecuniary losses.

57.    In its discriminatory and retaliatory actions alleged herein, Defendant acted willfully, with malice or reckless indifference to the federally protected rights of Ms. Sersante to be free from discrimination and retaliation.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM

### [Pregnancy Discrimination – PDA/Title VII]

58.    Defendant engaged in unlawful, intentional, and willful discrimination against Ms. Sersante's pregnancy/sex.

59.    This claim is asserted pursuant to the Pregnancy Discrimination Act of 1978 [PDA], which  amended the Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq*., as amended. [Title VII].

60.    Title VII forbids a covered employer from discriminating against or discharging "any individual with respect to ... terms, conditions, or privileges of employment, because of such individual's ... sex. 42 U.S.C. Section 2000e–2(a)(1).

61.    Also, Title VII prohibits a covered employer from limiting, segregating, or classifying any employee in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's sex. 42 U.S.C. Section 2000e–2(a)(2).

62.    The first clause of the PDA specifies that Title VII's term "because of sex" includes "because of . . . pregnancy, childbirth, or related medical conditions." 42 U.S.C. Section 2000e(k).

63.    The second clause of the PDA provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes ... as other persons not so affected but similar in their ability or inability to work...." 42 U.S.C. Section 2000e(k).

64.    At the time Defendant engaged in its discriminatory actions against Ms. Sersante, including but not limited to her discharge, Ms. Sersante was a member of the PDA/Title VII protected class.

65.    Ms. Sersante was a member of the PDA/Title VII protected class because Ms. Sersante: (1) had been pregnant; (2) suffered an adverse childbirth related medical condition [the birth of her stillborn child]; (3) suffered extreme grief, depression, and anxiety, an adverse childbirth related medical condition, in conjunction with the birth of her stillborn child; (4) suffered with an adjustment disorder with PTSD resulting from the stillborn birth, which was both an adverse childbirth related medical condition and a disability; (5) on many occasions, requested a reasonable accommodation and was denied by the Defendant; and (6) was pregnant with her third child.

66.    Defendant was aware of all the reasons Ms. Sersante was a member of the PDA/Title VII protected class.

67.    The Defendant discriminated against Ms. Sersante, based on her membership in the PDA/Title VII protected class: (1) with respect to her compensation,

terms, conditions, or privileges of employment, because of her sex and pregnancy, including childbirth related medical conditions; and/or (2)  by limiting, segregating, or classifying Ms. Sersante in a way, which would deprive, or tend to deprive, Ms. Sersante of employment opportunities, or otherwise adversely affect her status as an employee, because of her sex and pregnancy.

68.    The Defendant discriminated against Ms. Sersante, based on her membership in the PDA/Title VII protected class, by terminating her employment.

69.    Ms. Sersante was qualified for her position of employment and she was adequately performing the duties of her position.

70.    Defendant's aforementioned treatment of Ms. Sersante constitutes intentional, unlawful sexual discrimination, in violation of 42 U.S.C. Sections 2000e-2(a)(1)(2), and 42 U.S.C. Section 1981a (a)(1), (b)(1)(2)(3)(D), and (d)(1)(2).

## SECOND CLAIM

### [Retaliation - PDA/Title VII]

71.    Ms. Sersante hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

72.    This claim is for unlawful retaliation in violation of the PDA/Title VII, 42 U.S.C. Section 200e-3 (a).

73.    Pursuant to Title VII, the Defendant was specifically prohibited from unlawful retaliation and discrimination against Ms. Sersante because she engaged in EEO activities protected by Title VII. 42 U.S.C. Section 2000e-3(a).

74.     Ms. Sersante participated in protected Title VII activities and she opposed conduct prohibited by Title VII, including but not limited to:

(1)     Ms. Sersante, in the first part of April of 2018, objected to Ms. Alexander and Ms. Robinson, about Defendant's discriminatory denial of her requested workplace accommodation for her post-pregnancy related conditions, including her adverse childbirth related medical conditions.

(2)     Ms. Sersante, following Defendant's and Ms. Williams's attack on her, objected to the cruel, discriminatory attack and harassment from Defendant and Ms. Williams.

(3)     Ms. Sersante, following Defendant's and Ms. Williams's attack on Ms. Sersante, objected to the discriminatory lack of support for her from her team.

(4)     Ms. Sersante objected to the discriminatory disparagement of her by Ms. Williams and the Defendant in Ms. Sersante's the workplace. In the workplace, Ms. Williams threatened that she would seek a temporary restraining order against Ms. Sersante, and she would get Ms. Sersante fired.

(5)     Ms. Sersante, in a telephone conference with Krista Kutac, Defendant's  Regional Manager, and Cathleen Johnson, Defendant's Human Resource representative, on or about July 23, 2018, complained of the discrimination she had encountered concerning: (a) her pregnancy; (b) her post-pregnancy related conditions; (c) her childbirth related medical conditions, including: (i) the birth of her stillborn baby, (ii) her extreme grief, depression, and

anxiety, and  (iii) her adjustment disorder with PTSD resulting from the stillborn birth; (d) the Defendant's denial of her repeated requests for a reasonable accommodation; (e) her pregnancy with her third child; (f) her disability; and (g) and the related workplace harassment she faced.

(6)   On or about July 24, 2018, Ms. Sersante sent an email to Ms. Johnson and Ms. Kutac, in which she expressed her disappointment and complained about Defendant's discriminatory failure to provide her a supportive workplace after the birth of her stillborn child, including Defendant's failure to provide the requested accommodation for Tuesdays, and permitting the harassment and bullying tactics of Ms. Williams.

(7)   Ms. Sersante's July 24 email stated: "I am grieving the loss of my daughter and don't like the feeling of insecurity and being bullied in the workplace. . . I don't want to leave because of Terri [Williams] intimidating me."

75.   At all times, the Defendant was fully aware of Ms. Sersante's protected Title VII activities.

76.   The Defendant discharged Ms. Sersante from employment, a materially adverse retaliatory action.

77.   A causal connection exists between Ms. Sersante's protected activities and the unlawful materially adverse employment actions.

78.   There is a sufficient temporal proximity between Ms. Sersante' protected activity and her termination from employment.

79.     Ms. Sersante's protected activities covered the period of April – July 24, 2018.

80.     Defendant terminated Ms. Sersante less than one month after her last protected activity on July 24, 2018.

81.     The Defendant engaged in unlawful, direct, intentional, adverse, retaliatory and discriminatory employment actions prohibited by Title VII, against Ms. Sersante because of her protected Title VII activities as specifically described in the Complaint.

82.     This intentional, unlawful retaliation was created, perpetrated, and/or tolerated by the Defendant's officials, managers, and employees.

83.     The Defendant's treatment of Ms. Sersante constitutes unlawful and intentional retaliation and discrimination in violation of 2000e-3(a) and violation of 42 U.S.C. Section 1981a (a)(1), (5) (2) (3) (D), (d) (1) (2).

### THIRD CLAIM

### [Failure to Accommodate Claim – PDA/Title VII]

84.     Ms. Sersante hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

85.     This claim is for an unlawful discriminatory denial of Ms. Sersante's reasonable request for an accommodation concerning pregnancy, childbirth, and related medical conditions, in violation of the PDA/Title VII.

86.     Pursuant to the PDA, Title VII protections extend to the entire range of matters concerning the childbearing process, including post-pregnancy conditions.

87.     A denial of an accommodation for pregnancy, childbirth, and/or a related medical condition constitutes sex discrimination, in the form of disparate treatment, under the PDA/Title VII.

88.     Defendant failed to accommodate Ms. Sersante's pregnancy and post-pregnancy issues, including her childbirth related medical conditions.

89.     Per Ms. Sersante's medical diagnosis, she suffered from adjustment disorder with PTSD, and depression, grief, and anxiety. These conditions are , adverse childbirth related medical conditions. These conditions were caused by, and/or related to the stillbirth.

90.     Ms. Sersante requested Defendant not to schedule her for work on any Tuesday because she needed to continue her grief counseling with the same therapist.

91.     Defendant refused to provide this accommodation.

92.     Because of Defendant 's refusal to accommodate Ms. Sersante, she lost the services of her therapist.

93.     For the reasons previously stated in this Complaint, Ms. Sersante belongs to the PDA/Title VII protected class.

94.     Ms. Sersante made repeated reasonable requests to the Defendant for a reasonable accommodation.

95.     The Defendant received Ms. Sersante's reasonable accommodation requests and denied the requested accommodation.

96.     Defendant 's aforementioned treatment of Ms. Sersante constitutes: (1) intentional, unlawful sexual/pregnancy discrimination, in violation of 42 U.S.C. Sections

2000e-2(a)(1)(2), and violation of 42 U.S.C. Section 1981a (a)(1), (b)(1)(2)(3)(D), and (d)(1)(2).

## FOURTH CLAIM

### [Pregnancy/Sexual Harassment - PDA/Title VII]
### [Tangible Employment Action]

97.     Ms. Sersante hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

98.     Title VII prohibits sexual harassment in the form of a hostile work environment, based on sex.  42 U.S.C. Sections 2000e-2(a)(1)(2).

99.     The Defendant, in consideration of all the facts and in a cumulative manner, intentionally created, tolerated, and perpetuated a hostile work environment based upon sex, meaning, the Defendant created a hostile work environment for her based on her membership in the PDA/Title VII protected class, including her sex, pregnancy, post-pregnancy conditions, and childbirth related medical conditions.

100.    As set forth in prior paragraphs of this complaint, Ms. Sersante belonged to a PDA/Title VII protected class.

101.    The Defendant's conduct, including Ms. Williams's conduct, created a workplace that was permeated with discriminatory intimidation, ridicule, and insult.

102.    Defendant's actions constitute discrimination against Ms. Sersante based on her sex/pregnancy, and childbirth related conditions, meaning, her membership in the PDA/Title VII protected class.

103.    Defendant, including Ms. Williams, specifically and solely targeted Ms. Sersante because she is in the PDA/Title VII protected class, including but not limited to

the factors of sex/pregnancy, post-pregnancy conditions, and childbirth related medical conditions.

104.   The Defendant specifically targeted Ms. Sersante for adverse conduct and the conduct was: (1) unwelcome; (2) offensive; (3) abusive and continuous; (4) severe; (5) conducted by one or more co-workers; (6) continued and condoned by persons in her supervisory chain of command; (7) sufficiently severe and adverse as to harm Ms. Sersante's emotional state; and (8) sufficiently severe and pervasive as to adversely alter the terms, conditions, and privileges of Ms. Sersante's employment and create an abusive working environment for Ms. Sersante.

107.   The Defendant's conduct resulted in her discharge from employment, an adverse tangible employment action.

108.   The hostile work environment to which Ms. Sersante was subjected to was created and perpetuated by persons of management level authority possessing substantial authority over the terms and conditions of Ms. Sersante's employment.

109.   Defendant, through its supervisors/persons in Ms. Sersante's supervisory chain of command, had knowledge of the hostile environment and condoned the harassment and hostile work environment by discharging her from employment.

110.   The Defendant: (1) had actual or constructive knowledge of this hostile work environment based on her sex/pregnancy, and childbirth related conditions, and failed to respond reasonably to the hostile work environment; and/or (2) knew or should have known about the cumulative conduct to which Ms. Sersante was subjected and

failed to implement reasonably prompt, and appropriate corrective action concerning the cumulative, unlawful conduct to which Ms. Sersante was subjected.

111.    The Defendant's conduct directly caused Ms. Sersante to suffer severe mental and emotional distress and economic losses.

112.    Ms. Sersante was specifically targeted and harmed by the Defendant's cumulative conduct, which exposed Ms. Sersante, to disadvantageous terms and conditions of employment in the form of a hostile work environment to which employees not in her PDA/Title VII protected class were not subjected.

113.    The Defendant's aforementioned treatment of Ms. Sersante constitutes: an intentional, unlawful, hostile work environment based on sex, pregnancy, and childbirth related conditions,  in violation of 42 U.S.C. Sections 2000e-2(a)(1)(2); and (2) of 42 U.S.C. Section 1981a (a)(1) and (b)(1)(2).

## **FIFTH CLAIM**

### **[Failure to Accommodate Claim: Americans with Disabilities Act]**

114.    Ms. Sersante hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

115.    Ms. Sersante has a viable claim for the denial of her requested accommodation, pursuant to the Americans with Disabilities Act [ADA], 42 U.S.C. Section 12101, *et. seq*., as amended.

116.    The ADA forbids discrimination against a qualified individual based on disability. 42 U.S.C. Section 12112(a).

117.   Prohibited discrimination includes discrimination based on disability regarding the discharge of employees, and other terms, conditions, and privileges of employment. 42 U.S.C. Section 12112(a).

118.   ADA discrimination includes not making reasonable accommodations, 42 U.S.C Section 12112(b)(5)(A), such as providing part-time or modified work schedules. 29 C.F.R. Section 1630.2(o)(2)(ii).

119.   The ADA defines disability as a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. Section 12102(1)(A).

120.   At all times material herein, Ms. Sersante was a qualified person with a disability under the ADA.

121.   The ADA protects post-pregnancy and post-partum adverse conditions as disabilities.

122.   Ms. Sersante suffered from the stillborn death of her child, an adjustment disorder with PTSD, an adverse childbirth related medical condition; and severe grief, depression, and anxiety, which required grief counseling with a modified work schedule with the Defendant. These conditions were caused by, and/or related to the stillbirth.

123.   The Defendant knew of Ms. Sersante's covered disability status under the ADA.

124.   The Defendant received and understood Ms. Sersante's multiple accommodation requests.

125.    On multiple occasions, Ms. Sersante requested Defendant not to schedule her for work on any Tuesday because she needed to continue her grief counseling with the same therapist.

126.    On repeated occasions, Defendant unreasonably denied Ms. Sersante's accommodation requests.

127.    Defendant cannot meet its burden to demonstrate that Ms. Sersante's requested accommodation would have imposed an undue hardship on Defendant. 42 U.S.C. Section 12112(b)(5)(A); 29 C.F.R. Section 1630.9(a)(b).

128.    The Defendant's refusal to provide Ms. Sersante her requested, reasonable accommodations, constitutes intentional and unlawful disability discrimination and practices, in violation of the ADA. 42 U.S.C. Sections 12112(a), 12112(b)(5)(A), 12117(a), and 42 U.S.C. Sections 2000e-5, 2000e-6, 2000e-8, and 2000e-9, and 42 U.S.C. Section 1981a (a)(1), (b)(1)(2)(3)(D), and (d)(1)(2). 29 C.F.R. Section 1630.2(o)(2)(ii).

## SIXTH CLAIM

### [Retaliation - Americans with Disabilities Act]

129. Ms. Sersante hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein

130.    Ms. Sersante asserts a claim of unlawful retaliation in violation of the ADA. 42 U.S.C. Section 12203(a).

131.    The ADA prohibits the Defendant from retaliating against an individual who has opposed any act or practice made unlawful by the ADA or because such

individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA. 42 U.S.C. Section 12203(a).

132.   Ms. Sersante engaged in protected activities under the ADA and opposed the Defendant's unlawful actions subjecting her to disability discrimination.

133.   Ms. Sersante engaged in protected activities under the ADA by repeatedly requesting the Defendant to provide her a reasonable accommodation. A request for accommodation can constitute protected activity under the ADA supporting a retaliation claim.

134.   Also, Ms. Sersante engaged in protected ADA activities by (1) complaining about and opposing the Defendant's unlawful denial of her accommodation requests; and (2) complaining about and opposing the unlawful discrimination and harassment by the Defendant. These activities, as pertinent to the ADA, are set forth in the prior paragraphs of this Complaint, , including but not limited to paragraph 74(1) – 74 (7).

135.   At all times, the Defendant was fully aware of Ms. Sersante's protected ADA activities.

136.   The Defendant engaged in an intentional, calculated, and purposeful campaign of unlawful retaliation against Ms. Sersante. The Defendant's intentional, unlawful retaliation was created, perpetrated, and/or tolerated by Defendant officials, managers, and employees.

137.   The Defendant, contemporaneously with, and/or immediately after, Ms. Sersante's repeated, protected activities, took actions against her that a reasonable employee would have found materially adverse, including but not limited to increasingly

severe, materially adverse, and discriminatory actions, including but not limited to the following cumulative actions:   (1) repeatedly denying her multiple requests for a reasonable accommodation; (2) permitting the harassment and discrimination against her to continue; and (3) terminating her employment in a biased and discriminatory process.

138.   A causal connection exists between Ms. Sersante's protected activities and the unlawful materially adverse employment actions taken by the Defendant against Ms. Sersante.

139.   Ms. Sersante's protected activities covered the period of April – July 24, 2018.

140.   Defendant terminated Ms. Sersante less than one month after her last protected activity on July 24, 2018.

141.   There is a sufficient temporal proximity between Ms. Sersante' protected activity and her termination from employment.

142.   The Defendant's unlawful, intentional disability discrimination was created, perpetrated, and/or tolerated by the Defendant's officials and managers, all having specific knowledge, or reason to know, of the discriminatory actions set forth herein.

143.   The Defendant's treatment of Ms. Sersante constitutes intentional, unlawful disability discrimination, in the form of retaliation, in violation of the ADA. 42 U.S.C. Sections 12203(a), 12117(a), and 42 U.S.C. Sections 2000e-5, 2000e-6, 2000e-8, and 2000e-9, and 42 U.S.C. Section 1981a (a)(1), (b)(1)(2)(3)(D), and (d)(1)(2).

## REQUEST FOR RELIEF

WHEREFORE, Ms. Sersante respectfully requests this Court to enter judgment in her favor and against Defendant on all claims for relief asserted in this Complaint and Request for Jury Trial, and in addition, for the following relief:

(1)     To enter a judgment in favor of Ms. Sersante and against Defendant, finding the acts of the Defendant constitute continuing and intentional sexual/pregnancy discrimination in willful violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

(2)     To enter a judgment in favor of Ms. Sersante and against Defendant, finding the acts of the Defendant constitute continuing and intentional sexual/pregnancy discrimination, in the form of retaliation, in willful violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

(3)     To enter a judgment in favor of Ms. Sersante and against Defendant, finding the acts of the Defendant constitute continuing and intentional sexual/pregnancy discrimination, in the form of a repeated denials of reasonable accommodations to sex, pregnancy, post-pregnancy conditions, and childbirth related conditions, in willful violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

(4)     To enter a judgment in favor of Ms. Sersante and against Defendant, finding the acts of the Defendant constitute continuing and intentional sexual/pregnancy discrimination, in the form of a hostile work environment based on sex, pregnancy, post-pregnancy conditions, and childbirth related conditions, in willful violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

(5)     To enter a judgment in favor of Ms. Sersante and against Defendant, finding the acts of the Defendant constitute continuing and intentional disability discrimination, in the form of a repeated denials of reasonable accommodations to her disability status, in willful violation of the Americans with Disabilities Act [ADA], 42 U.S.C. Sections 12101, *et. seq.*, as amended, including the Americans with Disabilities Amendments Act of 2008. [ADAAA].

(6)     To enter a judgment in favor of Ms. Sersante and against Defendant, finding the acts of the Defendant constitute continuing and intentional disability discrimination, in the form of retaliation, in willful violation of the Americans with Disabilities Act [ADA], 42 U.S.C. Sections 12101, *et. seq.*, as amended, including the Americans with Disabilities Amendments Act of 2008. [ADAAA].

(7)     To award Ms. Sersante, the remedies of damages for back pay, restored benefits, actual monetary damages, loss of wages, salary, retirement contributions, all loss of income, and all loss of monetary damages to which she is entitled, pursuant to in willful violation of the Pregnancy Discrimination Act of 1978, which amended Title VII

of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Americans with Disabilities Act [ADA], 42 U.S.C. Sections 12101, *et. seq.*, as amended, including the Americans with Disabilities Amendments Act of 2008. [ADAAA].

(8)     To award Ms. Sersante compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses, and all loss of compensatory damages to which she is entitled, pursuant to  the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Americans with Disabilities Act [ADA], 42 U.S.C. Sections 12101, *et. seq.*, as amended, including the Americans with Disabilities Amendments Act of 2008. [ADAAA].

(9)     To award Ms. Sersante punitive damages, pursuant to the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Americans with Disabilities Act [ADA], 42 U.S.C. Sections 12101, *et. seq.*, as amended, including the Americans with Disabilities Amendments Act of 2008. [ADAAA].

(10)    To award Ms. Sersante reinstatement, or in the alternative, front pay, pursuant to  the pursuant to the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Americans with Disabilities Act [ADA], 42 U.S.C. Sections 12101, *et. seq.*, as amended, including the Americans with Disabilities Amendments Act of 2008. [ADAAA].

(11)    To award Ms. Sersante attorney fees and costs, pursuant to the pursuant to the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section  2000e *et seq*., as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Americans with Disabilities Act [ADA], 42 U.S.C. Sections 12101, *et. seq.*, as amended, including the Americans with Disabilities Amendments Act of 2008. [ADAAA].

(12)    To award Ms. Sersante pre-judgment and post-judgment interest at the appropriate rate provided by law.

(13)    To direct the Defendant to take such affirmative relief steps as are necessary to ensue that the effects of the Defendant's unlawful employment practices are eliminated and do not continue to affect Ms. Sersante's employment opportunities.

(14)    To award Ms. Sersante any and all other legal and equitable relief, to which Ms. Sersante is entitled pursuant to any law, that this Court deems just, equitable, and proper.

## VII. JURY TRIAL REQUEST

Pursuant to Fed.R.Civ.P. 38 (a)(b)(c), 42 U.S.C. Sections 12117(a), 42 U.S.C. Sections 2000e-5, 2000e-6, 2000e-8, and 2000e-9, and 42 U.S.C. Section 1981a (a)(1), (b)(1)(2)(3)(D), and (d)(1)(2), and all applicable laws providing for a right to trial by jury, Ms. Sersante requests a jury trial of all claims and issues in this action.

Dated: October 28, 2019

Respectfully submitted,


Murray Law, LLC

/s/ Steven L. Murray
Murray Law, LLC
1888 Sherman Street, Suite 200
Denver, CO 80203
Telephone: (303) 396-9952
E-mail: steven@smurraylaw.com


Mitchiner Law, LLC

/s/Thomas H. Mitchiner
Mitchiner Law, LLC
1888 N. Sherman St. Suite 200
Denver, CO 80203
Telephone: 720.538.0371
Email: tmitchiner@mitchinerlawllc.com

Plaintiff's Address:
8204 S. Reed St.
Littleton, CO  80128